IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRAD CRAWFORD,<br><br>　　Plaintiff,<br><br>v.<br><br>SANDY CITY CORPORATION and OFFICER RYAN METCALF, in his individual capacity,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER ON MOTION IN LIMINE TO PREVENT DEFENDANTS FROM OFFERING A RECORDING<br><br><br><br>Case No. 2:11-CV-351 TS |

　　This matter is before the Court on Plaintiff's Motion to preclude Defendants from offering a recording of a conversation between Plaintiff and Ms. Cutler.[1]

　　Plaintiff seeks to exclude a recording of a conversation he had with Ms. Cutler prior to the incident in question in this lawsuit. Plaintiff argues that the recording is not admissible because (1) it is not relevant to the issues in this case; (2) it is inadmissible under Rule 403 because the recording's probative value is outweighed by its prejudicial effect; and (3) its

---

[1] Docket No. 82.

1

admission is sought to show Plaintiff acted in conformance with his character in violation of Rule 404(b)(1).

Defendants respond that the recording is admissible because it is relevant to issues in this lawsuit.  As part of this case, Plaintiff claims he used an audio recorder to record the incident at issue in this case, and that Officer Metcalf erased that recording.  Defendants argue that the recording of a conversation between Plaintiff and Ms. Cutler is admissible because, on the recording, Ms. Cutler states that she can access and delete electronic files on Plaintiff's computers even though they may be locked.  This, Defendants suggest, shows the recorded conversation is relevant because it shows Ms. Cutler's ability to access and delete audio files.  If Ms. Cutler was able to access and delete audio files on a computer, the argument goes, she also could have deleted the recording Plaintiff claims he made of his arrest.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[2]

Defendants' argument is unpersuasive because Ms. Cutler's ability to access and delete audio files on a computer does not show that she was able to access and delete audio files on the recorder at issue in this case.  As the recorder is different from a computer, a person's ability to utilize one of the devices does not demonstrate an ability to use the other.  Consequently, the recording is inadmissible under Rule 401 of the Federal Rules of Evidence as irrelevant evidence. The Court will therefore grant Plaintiff's Motion.

---

[2] Fed. R. Evid. 401.

IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion in Limine (Docket No. 82) is GRANTED.

DATED September 7, 2012.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge