IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRAD CRAWFORD,<br><br>    Plaintiff,<br><br>v.<br><br>SANDY CITY CORPORATION and OFFICER RYAN METCALF, in his individual capacity,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE<br><br><br><br>Case No. 2:11-CV-351 TS |

      This matter is before the Court on Plaintiff's Motions in Limine to preclude Defendants from offering into evidence a 911 call from Ms. Cutler[1] (Plaintiff's wife at the time of the incident) that led to the dispatch of Officer Metcalf to the scene at issue in this case. Plaintiff also moves to exclude a document entitled "Lethality Assessment" and testimony related to it.[2] The Lethality Assessment contains Ms. Cutler's answers to questions relating to domestic violence. Ms. Cutler gave these answers to police after they had arrived at Plaintiff's home in

---

[1] Docket No. 72.

[2] Docket No. 73.

response to Ms. Cutler's 911 call. As these two Motions raise similar concerns the Court has elected to address them in this single Memorandum Decision and Order.

## I.  RELEVANCE

Plaintiff first argues that the 911 call should be excluded because it is not relevant to Plaintiff's claims because Officer Metcalf did not listen to the call prior to arresting Plaintiff and therefore the call has no bearing on the reasonableness of Officer Metcalf's actions prior to Plaintiff's arrest. Similarly, Plaintiff argues that the Lethality Assessment is not relevant to the reasonableness of Officer Metcalf's actions because it was created after Plaintiff was arrested. Plaintiff also argues that, even if the 911 call or Lethality Assessment is relevant, any probative value the evidence may have is outweighed by its prejudicial effect and the evidence is therefore inadmissible under Rule 403 of the Federal Rules of Evidence.

Defendants do not dispute that Officer Metcalf did not hear the 911 call prior to arresting Plaintiff or that the Lethality Assessment was made after Plaintiff's arrest. Nevertheless, Defendants argue that Officer Metcalf's knowledge of what was reported on the 911 call and contained in the Lethality Assessment is relevant to whether his use of force was reasonable, whether he had probable cause in arresting and prosecuting Mr. Crawford, and whether he acted with malice. Defendants further argue that both the 911 call and the Lethality Assessment should be admitted because they illustrate Ms. Cutler's mental, emotional, and physical state at the time of Officer Metcalf's observations.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[3] "The standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[4]  Rule 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Furthermore, in cases involving allegations of excessive force and lack of probable cause to arrest or prosecute, the jury must assess the facts and circumstances known to the officer on the scene.[5]

A.   911 CALL

If Officer Metcalf did not hear the 911 call prior to arresting Plaintiff, Officer Metcalf's knowledge of what was reported on the 911 call—not the call itself—is relevant to Plaintiff's claims that Officer Metcalf used excessive force and lacked probable cause for arrest.  In the end, all that is relevant to the claims against Officer Metcalf is what Officer Metcalf was aware of at the time he was at the scene and made the initial arrest.

---

[3] Fed. R. Evid. 401.

[4] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

[5] *See Graham v. Connor*, 490 U.S. 386, 397 (1989) ("As in other Fourth Amendment contexts . . . the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them."); *Pierce v. Gilchrist*, 359 F.3d 1279, 1294 (10th Cir. 2004) ("Probable cause must be evaluated as of the events in question.").

If, at trial, Defendants can show that Officer Metcalf heard the 911 call and incorporated that information into his decision to arrest or recommend prosecution, the 911 call would be relevant and its relevance would not be substantially outweighed by its prejudicial effect. Absent such evidence, the Court will grant Plaintiff's Motion to the extent that Defendants seek to introduce the 911 call itself to show Officer Metcalf's knowledge at the time of the detention and prosecution of Plaintiff.

B.     LETHALITY ASSESSMENT

The Lethality Assessment is not relevant to show Officer Metcalf's knowledge prior to and including the time of Plaintiff's arrest because the Lethality Assessment had not been completed at that time. The Court will therefore grant Plaintiff's Motion to exclude the Lethality Assessment to the extent that Defendants may attempt to admit the Assessment as evidence relevant to Officer Metcalf's knowledge prior to and including the time of Plaintiff's arrest.

The document's relevance as it relates to the detention of Plaintiff and Officer Metcalf's alleged participation in the prosecution of Plaintiff is another matter. The Court will deny, without prejudice, the Motion to exclude the Lethality Assessment as it relates to Plaintiff's malicious prosecution claim. If Defendants can show that Officer Metcalf reviewed the Lethality Assessment and incorporated that information into his decision to arrest or recommend prosecution, the Lethality Assessment would be relevant and its relevance would not be substantially outweighed by its prejudicial effect.

## II.  EXTRINSIC IMPEACHMENT EVIDENCE

Plaintiff also argues that neither the 911 call nor the Lethality Assessment should be admissible to impeach Ms. Cutler with extrinsic evidence of a prior inconsistent statement as to a collateral issue at trial.  Defendants respond that, to the extent they would seek to impeach Ms. Cutler's testimony with extrinsic evidence, the evidence would be admissible because it would relate to a material, not collateral, issue.

Rule 613 of the Federal Rules of Evidence states that "Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires."

> There are further restrictions, however, to impeachment evidence.  While not specifically incorporated in Rule 607 or Rule 613(b), when the contradiction relates to a "collateral matter," impeachment may be received only through the testimony of the witness to be impeached.  Evidence extrinsic to that witness's testimony is inadmissible to prove a witness's trial testimony is contradicted by a previous statement.  The application of the collateral matter rule is an extension of Rule 403, which also remains controlling in admitting impeachment evidence.[6]

"[A] matter is collateral 'if it could not have been introduced in evidence for any purpose independent of the impeachment.'"[7]

In this case, the admissibility of the both the 911 call and the Lethality Assessment as extrinsic impeachment evidence depends on the issues raised at trial.  Therefore, the Court will

---

[6]*United States v. Woody*, 250 App'x. 867, 882 (10th Cir. 2007) (citations omitted).

[7]*United States v. Dunson*, 142 F.3d 1213, 1216 (10th Cir. 1998) (citing *United States v. Walker*, 930 F.2d 789, 791 (10th Cir. 1991)).

deny, without prejudice, Plaintiff's Motions to exclude the evidence as extrinsic impeachment evidence, allowing Plaintiff to raise the motions again at trial if Defendants seek to use the evidence in an inappropriate fashion.

### III.  PRIOR CRIME, WRONG, OR ACT

Plaintiff also argues that the Lethality Assessment should be excluded under Rule 404(b) as evidence of a crime, wrong, or other act admitted to prove Plaintiff acted in accordance with his character.  Defendants argue that the Lethality Assessment is admissible because it is being offered not to show that Plaintiff acted in conformity with a character trait but to demonstrate probable cause, lack of malice, and what Officer Metcalf observed.

Federal Rule of Evidence 404(b) states:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> . . . The evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The relevant inquiry before the jury will be whether Officer Metcalf used excessive force and had probable cause to arrest and initiate prosecution of Plaintiff.  To determine this, the jury will consider the facts and circumstances known to Officer Metcalf at the time of Plaintiff's arrest and prosecution.

Defendants' argument that the Lethality Assessment is admissible under Rule 404(b) to show probable cause and lack of malice has merit.  Using evidence to show that police had probable cause or lack of malice is not one of the purposes prohibited by Rule 404(b).  Therefore,

to the extent such evidence is relevant, it is admissible.[8] But, as was previously discussed, the Court is currently unable to determine the relevance of the Lethality Assessment because it is not clear when, if at all, Officer Metcalf reviewed the Lethality Assessment. The Court will therefore deny, without prejudice, Plaintiff's Motion to exclude the Lethality Assessment as it relates to Plaintiff's malicious prosecution claim pending the development of evidence at trial.

## V.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion in Limine (Docket No. 72) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE. It is further

ORDERED that Plaintiff's Motion in Limine (Docket No. 73) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.

DATED September 7, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[8] *See* Fed. R. Evid. 402.