IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRAD CRAWFORD,<br><br>    Plaintiff,<br><br><br><br>    v.<br><br><br><br>SANDY CITY CORPORATION and<br>OFFICER RYAN METCALF, in his<br>individual capacity,<br><br>    Defendants. | MEMORANDUM DECISION AND<br>ORDER ON MOTION IN LIMINE<br><br><br><br><br><br>Case No. 2:11-CV-351 TS |

This matter is before the Court on Defendants' Motion to exclude evidence of Officer

Metcalf's conduct in instances other than the one at issue in this trial.[1]

Defendants move to exclude from trial any evidence of Officer Metcalf's conduct and use

of force in instances that are unrelated to the factual occurrences at issue in this lawsuit.  This

evidence includes two performance reviews, an internal investigation, and information

Defendants provided in their written discovery requests.  Defendants argue that this evidence is

not relevant to the determination of whether Officer Metcalf's use of force was reasonable in this

---

[1]Docket No. 57.

1

instance.  Plaintiff does not dispute this contention.  The Court, therefore, will grant the Motion and preclude Plaintiff from offering this evidence to show whether Officer Metcalf's use of force was reasonable in this instance.

Defendants also argue that evidence of Officer Metcalf's use of force and conduct in other instances should not be admitted to show that the City was deliberately indifferent to Plaintiff's constitutional rights.  Defendants assert that this evidence is not admissible because it is "insufficient to demonstrate a custom of the City,"[2] and is therefore not relevant evidence.

Pursuant to Federal Rule of Evidence 401: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  "The standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[3]  The evidence need not, as Defendants argue, be sufficient to establish that the City had a custom of deliberate indifference.

The Court finds that evidence of Officer Metcalf's conduct in other instances is relevant to whether the City had a custom or policy of deliberate indifference to the use of excessive force.  While the evidence may not be sufficient to establish Plaintiff's claims, it is certainly sufficient to constitute a "brick" of evidence.  Therefore, the Court will deny the Motion and

_____

[2]Docket No. 74, at 2.

[3]*United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

allow Plaintiff to offer evidence of Officer Metcalf's conduct in other instances as evidence that the City had a policy or custom of deliberate indifference.

In the alternative, Defendants argue that, even if the evidence of Officer Metcalf's conduct in other situations is admitted only to show a policy or custom of the City, it is not admissible because it is unduly prejudicial to both the city and Officer Metcalf. Plaintiff responds that the evidence does not unduly prejudice the City and, given the proper limiting instruction, it would not be unduly prejudicial to Officer Metcalf.

Rule 403 excludes otherwise relevant evidence

if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The Court finds that this evidence does not unduly prejudice Defendants and is therefore admissible under Rule 403. If Defendants request, the Court will instruct the jury to not consider evidence of Officer Metcalf's past conduct as evidence that he used excessive force in the incident in question in this lawsuit.

Finally, Defendants argue that evidence of Officer Metcalf's actions in other instances should be excluded as improper character evidence under Rule 404(b). Plaintiff responds that since the evidence is being admitted to show the City's deliberate indifference to the use of excessive force, and not that Officer Metcalf acted in accordance with a character trait, the evidence is admissible.

Federal Rule of Evidence 404(b) states:

> Evidence of a crime, wrong, or other act is not admissible to prove a
> person's character in order to show that on a particular occasion the person
> acted in accordance with the character.
>
> . . . This evidence may be admissible for another purpose, such as proving
> motive, opportunity, intent, preparation, plan, knowledge, identity,
> absence of mistake, or lack of accident.

The admissibility of Rule 404(b) evidence is determined by considering whether the following four requirements are satisfied:

> (1) the evidence is offered for a proper purpose under Fed. R. Evid. 404(b); (2) the
> evidence is relevant under Fed. R. Evid. 401; (3) the probative value of the
> evidence is not substantially outweighed by its potential unfair prejudice under
> Fed. R. Evid. 403; and (4) the district court, upon request, instructs the jury to
> consider the evidence only for the purpose for which it was admitted.[4]

In this case, the first requirement is met because the evidence is being offered not to show Officer Metcalf acted in accordance with his character, but for another purpose—to show that Sandy City had a policy of deliberate indifference to the use of excessive force.

The second and third requirements are met because, as was previously discussed, Officer Metcalf's use of force in other circumstances is relevant to the issue of whether Sandy City had a policy of deliberate indifference to the use of excessive force and the probative value of this evidence is not substantially outweighed by its prejudicial effect.

The final requirement is satisfied because, upon Defendants' request, the Court will instruct "the jury to consider the evidence only for the purpose for which it was admitted."[5]

---

[4] *U.S. v. Tan*, 254 F.3d 1204, 1207-08 (10th Cir. 2001).

[5] *Id.*

4

The Court will therefore deny the Motion and allow Plaintiff to introduce Officer Metcalf's conduct in other situations as evidence of the City's alleged custom or practice of deliberate indifference to the use of excessive force.

IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion in Limine (Docket No. 57) is GRANTED IN PART AND DENIED IN PART.

DATED September 7, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

5