IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRAD CRAWFORD, | |
| Plaintiff, | MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE |
| v. | |
| SANDY CITY CORPORATION and OFFICER RYAN METCALF, in his individual capacity, | Case No. 2:11-CV-351 TS |
| Defendants. | |

This matter is before the Court on Defendants' (1) Motion to exclude damages evidence;[1]

(2) Motion to strike Plaintiff's Fourth Amended Pretrial Disclosures;[2] (3) Motion to prevent

Plaintiff from calling Chief Chapman to testify at trial;[3] and (4) Motion to prevent Plaintiff from

---

[1]Docket No. 59.  Defendants argue two issues related to damages evidence.  First, they argue that evidence of Plaintiff's medical costs should be excluded.  Second, they argue that evidence of payments to or testimony from Plaintiff's criminal defense attorney should be excluded.

[2]Docket No. 76.

[3]Docket No. 78.

calling Douglas A. Johnson to testify at trial.[4]  All of these Motions arise out of Plaintiff's

alleged failure to either properly or timely disclose.

     A failure to disclose is governed by Rules 26 and 37(c) of the Federal Rules of Civil

Procedure.  Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as

required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a

trial, unless the failure was substantially justified or is harmless."[5]

     "'The determination of whether a Rule 26(a) violation is justified or harmless is entrusted

to the broad discretion of the district court.'"[6]  The Court "need not make explicit findings

concerning the existence of a substantial justification or the harmlessness of a failure to

disclose."[7]  Nevertheless, the Court is guided by the following factors: "(1) the prejudice or

surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the

prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the

moving party's bad faith or willfulness."[8]

---

[4]Docket No. 107.

[5]Fed. R. Evid. 37(c)(1).

[6]*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

[7]*Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

[8]*Id.* (citing *Newman v. GHS Osteopathic Inc.*, 60 F.3d 153 (3d Cir. 1995)).

## I.  DISCLOSURES, CHAPMAN, AND JOHNSON

Rule 26(a)(3) of the Federal Rules of Civil Procedure provides that "[u]nless the court orders otherwise, [pretrial] disclosures must be made at least 30 days before trial."  The Court's Scheduling Order required Plaintiff to file his Rule 26(a)(3) Disclosures by July 13, 2012. Plaintiff filed his Fourth Amended Pretrial Disclosures—including his disclosure of Chief Chapman and Mr. Johnson as potential witnesses—32 days after the deadline in the Scheduling Order but more than 30 days prior to trial.  Defendants argue that this untimely disclosure automatically requires the Court to strike the Disclosures and prevent Chief Chapman and Mr. Johnson from testifying at trial.

The Court first notes that a failure to disclose does not result in the automatic exclusion of evidence as Defendants suggest.  Rather, as stated, the Court has broad discretion to determine whether the evidence is admissible because the failure was either substantially justified or harmless.[9]

Because Plaintiff's Fourth Amended Pretrial Disclosures were filed more than 30 days prior to trial, any prejudice Defendants might suffer can be cured at or before trial.  The same is true of potential testimony from Chief Chapman and Mr. Johnson.  Chief Chapman  was disclosed as a potential witness in Plaintiff's Fourth Amended Pretrial Disclosures and Mr. Johnson was disclosed in Plaintiff's Third Amended Pretrial Disclosures.  Moreover, Defendants themselves identified Chief Chapman as a person with knowledge of the facts of this case in their responses to Plaintiff's interrogatories, and the identity and role of Mr. Johnson—as the

---

[9]*Woodworker's Supply, Inc.*, 170 F.3d at 993.

prosecuting attorney employed by Defendant Sandy City in the prosecution of Plaintiff—was clearly known to Defendants throughout this litigation.  Defendants have shown no prejudice as a result of the untimely filing.  Further, there is no evidence that the untimely filing will disrupt the trial or that Plaintiff acted in bad faith.  Therefore, the Court will deny Defendants' Motions to strike and to prevent Plaintiff from calling Chief Chapman and Mr. Johnson to testify at trial.

## II.  MEDICAL COSTS

Defendants argue that Plaintiff should be precluded from offering records of medical costs that Plaintiff did not produce and a Costco receipt for eye medication.  Plaintiff has stated that he does not intend to offer records of medical costs that he did not produce and that he does not intend to introduce the Costco receipt.  The Court, therefore, will grant the Motion in part and prevent Plaintiff from offering this evidence.

## III.  ATTORNEY'S FEES

Defendants next argue that Plaintiff should be precluded from offering evidence of payments he made to—and soliciting testimony from—Plaintiff's criminal defense attorney at trial because this evidence is irrelevant and was not timely disclosed.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[10]

---

[10]Fed. R. Evid. 401.

4

"The standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[11]  Rule 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.[12]

The Court finds that payments to and testimony from Plaintiff's criminal defense attorney are relevant and their probative value is not outweighed by their prejudicial effect.

Weighing the factors for a failure to disclose (discussed above), the Court finds that to the extent that Plaintiff would be prejudiced by this evidence, such prejudice can be cured at or before trial.[13]  Defendants were made aware of this potential evidence more than 30 days prior to trial.  Furthermore, Defendants have not shown that Plaintiff's evidence would disrupt the trial or that Plaintiff has acted willfully or in bad faith.  The Court will therefore deny Defendants' Motion in part and allow testimony from Plaintiff's criminal defense attorney as well as evidence of payments Plaintiff made to him.

---

[11]*United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

[12]Fed. R. Evid. 403.

[13]If Defendants request, the Court will order Plaintiff to make his criminal defense attorney available for deposition prior to or during trial.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion in Limine (Docket No. 59) is GRANTED IN PART

AND DENIED IN PART.  It is further

ORDERED that Defendants' Motion in Limine (Docket No. 76) is DENIED.  It is further

ORDERED that Defendants' Motion in Limine (Docket No. 78) is DENIED.  It is further

ORDERED that Defendants' Motion in Limine (Docket No. 107) is DENIED.

DATED September 10, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge