IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRAD CRAWFORD,<br><br>  Plaintiff,<br><br>v.<br><br>SANDY CITY CORPORATION and OFFICER RYAN METCALF, in his individual capacity,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER ON MOTION IN LIMINE<br><br><br><br>Case No. 2:11-CV-351 TS |

      This matter is before the Court on Defendants' Motion to exclude responses ("the Responses") by Sandy City Corporation ("the City") to prior complaints of incidents of use of excessive force as potential exhibits.[1]  Defendants argue that the responses are irrelevant, prejudicial, cannot be proven, and are likely to cause confusion and delay.

      Defendants initially contend that the Responses are not relevant as to whether Officer Metcalf used excessive force in arresting Plaintiff because unrelated instances of excessive force have no relation to the issue of whether an officer's use of force was reasonable in a specific

---

[1]Docket No. 79.

1

instance. Plaintiff does not dispute this assertion. Therefore, the Court will grant the Motion in part and prevent Plaintiff from admitting the Responses to show that Officer Metcalf's use of force was unreasonable in this instance.

Defendants next argue that the Responses are not relevant to Plaintiff's claims against the City because (1) Plaintiff has not shown that the unrelated complaints are factually similar to the incident at issue in this case; (2) Plaintiff has failed to prove that the prior complaints dealt with constitutional violations; and (3) Plaintiff has not shown a causal nexus between the violations alleged in the complaints and the alleged violation in this case.

In making its arguments, Defendants appear to suggest that, for the Responses to be admissible, they must be sufficient to prove Plaintiff's cause of action against the City. However, "[e]vidence is relevant if . . . it has *any tendency* to make a fact more or less probable than it would be without the evidence."[2] "The standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[3] Rule 403 excludes otherwise relevant evidence

> if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The Court finds that the City's responses to prior allegations of excessive force do have some tendency to make Plaintiff's allegation of deliberate indifference to constitutional rights

---

[2] Fed. R. Evid. 401 (emphasis added).

[3] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

"more or less probable than it would be without the evidence,"[4] and, as establishing the City's deliberate indifference is necessary to hold the City liable, "the fact is of consequence in determining the action."[5]  The issue of whether this evidence is sufficient to sustain Plaintiff's cause of action against the city is a matter left to the jury and is not a proper basis for a motion in limine.  The Court also finds that the probative value of the Responses is not substantially outweighed by their prejudicial effect.  Therefore, the Court will deny the Motion in part and allow Plaintiff to introduce the Responses as evidence of the City's alleged deliberate indifference.

Finally, Defendants argue that the Responses are not admissible as extrinsic evidence to impeach Chief Chapman under Rule 608 and Rule 613(b).  Rule 613 of the Federal Rules of Evidence states that "Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires."

> There are further restrictions, however, to impeachment evidence.  While not specifically incorporated in Rule 607 or Rule 613(b), when the contradiction relates to a "collateral matter," impeachment may be received only through the testimony of the witness to be impeached.  Evidence extrinsic to that witness's testimony is inadmissible to prove a witness's trial testimony is contradicted by a previous statement.  The application of the collateral matter rule is an extension of Rule 403, which also remains controlling in admitting impeachment evidence.[6]

---

[4]Fed. R. Evid. 401.

[5]*Id.*

[6]*United States v. Woody*, 250 App'x. 867, 882 (10th Cir. 2007) (citations omitted).

"[A] matter is collateral 'if it could not have been introduced in evidence for any purpose independent of the impeachment.'"[7]

In this case, the admissibility of the Responses as impeachment evidence depends on the issues raised at trial.  Therefore, the Court will deny, without prejudice, the Motion to the extent that Defendants seek to prevent Plaintiffs from using it to impeach Chief Chapman's testimony.

It is therefore

ORDERED that Defendants' Motion in Limine (Docket No. 79) is GRANTED IN PART AND DENIED IN PART.

DATED September 11, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7]*United States v. Dunson*, 142 F.3d 1213, 1216 (10th Cir. 1998) (citing *United States v. Walker*, 930 F.2d 789, 791 (10th Cir. 1991)).