IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRAD CRAWFORD,<br><br>    Plaintiff,<br><br>v.<br><br>SANDY CITY CORPORATION and OFFICER RYAN METCALF, in his individual capacity,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON MOTION TO RULE ON OBJECTIONS IN VIDEOTAPED DEPOSITION OF OFFICER JESSE FRAMPTON<br><br><br><br>Case No. 2:11-CV-351 TS |

    This matter is before the Court on Defendants' Motion to Rule on Objections in Videotaped Deposition of Officer Jesse Frampton.[1]

    Plaintiff objects to the testimony on page 7:1-18 of the deposition on the ground that it is inadmissible hearsay. This testimony is not hearsay because it is not being offered for the truth of the matter asserted, but to explain the investigation the officer conducted.[2] Plaintiff also

---

[1] Docket No. 102.

[2] Fed. R. Evid. 801.

argues that the testimony is not relevant because there is no evidence that the information in this passage was communicated to Officer Metcalf.  If Defendants can show that this information informed Officer Metcalf's decision to arrest and initiate prosecution of Plaintiff, then this testimony will be admissible.

Plaintiff also objects to the testimony on page 11:3-19.  As Defendants have not responded to the objection, the Court will sustain the objection.

Plaintiff next objects to the testimony on page 12:5-15 on the grounds that it is hearsay and represents facts beyond Officer Frampton's personal knowledge.  Defendants respond that the testimony is admissible because it is not being offered for the truth of the matter asserted and as an admission by a party opponent.  Plaintiff responds that because Officer Frampton did not interview Plaintiff, this testimony actually reflects what Officer Metcalf told Officer Frampton that Plaintiff said.  Unless Defendants can show that Plaintiff made this statement directly to Officer Frampton, the Court will sustain the objection because the statement is being offered for the truth of the matter asserted by Officer Metcalf—that Mr. Crawford stated that the dogs flipped the table.

Finally, Plaintiff objects to testimony on pages 29:12-13, 34:5-11, and 38:4-39:5.  All of this testimony concerns the "Lethality Assessment."  Consistent with the Court's ruling on the admissibility of the Lethality Assessment,[3] the Court will sustain the objection in part and exclude this testimony as evidence of Officer Metcalf's knowledge prior to and including the time of Plaintiff's arrest.  However, if Defendants can show that Officer Metcalf's decision to

---

[3] Docket No. 113.

recommend prosecution of Plaintiff was informed by the Lethality Assessment, this testimony would be admissible.

It is therefore ORDERED that the Motion to Rule on Objections (Docket No. 102) is GRANTED pursuant to the terms of this order.

DATED September 11, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge